IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JAMES EDWARD POTTS | § | |
| v. | § | CIVIL ACTION NO. 9:07cv172 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>AND ENTERING FINAL JUDGMENT</u>

The Petitioner James Edward Potts, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of prison disciplinary action taken against him. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Potts' petition challenged disciplinary case no. 20060298348, in which Potts was charged with sexual misconduct, specifically masturbating in public. A disciplinary hearing was scheduled for June 21, 2006, but Potts was not allowed to attend because of disruptive behavior at a hearing held immediately before this one. The tape of the prior hearing shows that Potts answered questions in a manner other than the way in he was told to, and so was removed. The hearing in the present case was held immediately thereafter, and Potts was excluded because of his behavior at the prior hearing. At the hearing in the present case, Potts was represented by substitute counsel, who objected to Potts' exclusion. Potts was found guilty based on the report by the charging officer.

The sole ground for relief presented in the petition is that Potts was denied his right to attend the hearing or participate in any way. The Magistrate Judge ordered the Respondent to answer, and the Respondent filed an answer stating that Potts had been warned three times at the prior hearing to behave in a respectful manner but failed to do so, and that his exclusion from that hearing, as

1

well as the present one, was necessary to preserve order and discipline. Potts filed a response to the answer saying that his exclusion from one hearing should have no bearing on another one and that his exclusion from the present hearing deprived him of minimal due process protections.

After review of the pleadings, the Magistrate Judge issued a Report on March 11, 2008, recommending that the petition be denied. The Magistrate Judge observed that disciplinary hearings held *in absentia* do not violate the Constitution when the absence of the inmate was not due to any fault on the part of prison officials. In the present case, the Magistrate Judge said. Potts had been excluded from a hearing held immediately prior to the present one, as a result of disrespectful and disruptive behavior. Under the circumstances, the Magistrate Judge said, the hearing officer had no constitutional duty to bring Potts back to the hearing room, when Potts had just shown his unwillingness to behave in an appropriate manner a few minutes earlier. The Magistrate Judge stated that Potts' behavior, which resulted in his exclusion, obviously was not the fault of the prison officials, and that Potts had been warned several times about his behavior but persisted nonetheless, resulting in his exclusion.

On March 24, 2008, Potts filed a document which he styled as a "motion for a certificate of appealability." No final judgment has been entered and no notice of appeal filed, and so in the interest of justice, Potts' pleading will be construed as objections to the Report of the Magistrate Judge.

In this pleading, Potts first complains that he has been denied discovery and inspection of documents. In discussing the merits of his case, he says that the disciplinary hearing officer was not required to hold the hearing on June 21, 2006, but could have held it any time up to July 9, 2006. He says that he wanted to attend the hearing and that the failure to allow him to do so denied him due process.

Potts indicates that the hearing officer "deliberately held the hearing" on June 21, immediately after the earlier one, stating that this was done so as to exclude him, but offers no facts

in support of this speculation.  He says that he should be entitled to a certificate of appealability because reasonable jurists could find the Magistrate Judge's conclusion to be debatable or wrong.

As the Magistrate Judge explained, however, the hearing officer had no constitutional duty to bring Potts back to the hearing room when Potts had just shown his unwillingness to behave in an appropriate manner a few minutes earlier.  The hearing record in the prior hearing shows that Potts was warned several times to answer questions in an appropriate manner and that he would be excluded from the hearing if he did not do so, and that this action was duly carried out when Potts did not comply.  Potts' speculation that the hearing was held immediately after the earlier one in order to give the prison officials an excuse to exclude him does not give rise to a constitutional issue.  His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original and amended petitions, the answer filed by the Respondent, the Petitioner's response thereto, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings, documents, and records in the case.  Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit.  It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice.  It is further

ORDERED that the Petitioner James Edward Potts is hereby DENIED a certificate of appealability *sua sponte*.  Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.    So **ORDERED** and **SIGNED** this **14** day of **April, 2008.**

_____
Ron Clark, United States District Judge